James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICKY L. BRIGANCE, | Case No. 2:17-CV-250 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendant(s). | |

Presently before the court is defendant the State of Nevada's ("defendant") motion to dismiss. (ECF No. 14). Plaintiff Ricky L. Brigance ("plaintiff") filed a response (ECF No. 15), to which defendant replied (ECF No. 16).

**I.  Facts**

The instant action arises from a traffic stop by a Las Vegas Metropolitan Police Department ("LVMPD") officer on May 24, 2016. Plaintiff was driving his vehicle on a public road, and plaintiff was stopped by LVMPD. (ECF Nos. 1 at 3; 3 at 3). Officer R. Courtney allegedly did not identify the reason for the stop and did not articulate the basis for any reasonable suspicion. (*Id.*). Plaintiff presented his driver's license, but was not asked for proof of registration or insurance. (*Id.*). Plaintiff also admitted to having a firearm in the vehicle and a license for the firearm. (*Id.*). Officer Courtney confiscated the firearm and arrested plaintiff for possession of a loaded firearm. (*Id.* at 3–4). Plaintiff asserts that the firearm was not loaded per NRS 503 and that no round was in the chamber. (*Id.*). At the time of booking, officer Courtney allegedly altered the arrest charge to reckless driving, yet the firearm remained impounded. (*Id.* at 5). Plaintiff alleges that he was not cited for any violation, traffic or otherwise. (*Id.* at 7). The municipal court dismissed the charge on June 23, 2016, and closed the matter. (*Id.* at 5).

On January 30, 2017, plaintiff filed the underlying complaint against defendants the State of Nevada, LVMPD, and officer Courtney, asserting five claims for relief: (1) civil rights violations under 42 U.S.C. § 1983; (2) false arrest; (3) false imprisonment; (4) negligent hiring, training, supervision, retention; and (5) intentional infliction of emotional distress. (ECF Nos. 1, 3).

In the instant motion, the State of Nevada moves to dismiss the complaint pursuant to the Eleventh Amendment and Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14).

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

The State of Nevada moves to dismiss the complaint for two reasons. First, the State of Nevada argues that the Eleventh Amendment's grant of sovereign immunity bars suits against the state. (ECF No. 14 at 1–2). Second, the State of Nevada contends that even if sovereign immunity does not apply, plaintiff failed to state a claim upon which relief could be granted because plaintiff fails to make any allegation specifically against the state. (ECF No. 14 at 3).

In response to defendant's motion to dismiss, plaintiff argues that the Eleventh Amendment applies to state action when it is protected under the Constitution, and that the State of Nevada's conduct is not protected because it engaged in a purposeful and directed violation of plaintiff's rights without proper cause. (ECF No. 15 at 2).

The Eleventh Amendment generally bars suits against states in federal court. *Scheuer v. Rhodes*, 416 U.S. 232, 241 (1974). A state may waive its sovereign immunity, or Congress may abrogate a state's immunity. *Kentucky v. Grahm*, 473 U.S. 159, 166 (1985). A state's immunity extends to claims for both monetary and non-monetary relief. *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999). Additionally, the Eleventh Amendment applies to state law pendent claims as well as federal claims brought in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117–18 (1984).

Here, Congress did not abrogate state immunity by enacting 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491, U.S. 58, 86 (1989). Also, the State of Nevada has not waived its sovereign immunity. *See* Nev. Rev. Stat. § 41.031(3) (Nevada "does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."). Therefore, the Eleventh Amendment bars plaintiff's claims against the State of Nevada.

Furthermore, plaintiff fails to cite any authority for his interpretation of the Eleventh Amendment. (ECF No. 15 at 2). The language of the Eleventh Amendment does not support plaintiff's interpretation. U.S. Const. amend. XI. Also, plaintiff does not allege any facts to support his conclusory allegation that the State of Nevada acted in a purposeful and directed violation of plaintiff's rights without proper cause. For the foregoing reasons, the court finds plaintiff's argument unpersuasive.

Accordingly, the court will grant the State of Nevada's motion to dismiss (ECF No. 14) as plaintiff's claims against it are barred by the Eleventh Amendment. As such, the court need not address the State of Nevada's 12(b)(6) argument. Further, the court dismisses plaintiff's claims against the State of Nevada with prejudice as it would be futile to amend the complaint given the State of Nevada's sovereign immunity.

## IV.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the State of Nevada's motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED WITH PREJUDICE.

DATED June 7, 2017.

                                                                                      */s/ James C. Mahan*
                                                                                      UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -